DERAGON, Respondent, vs. SERO, Appellant.

*November 28—December 15, 1908.*

*Indians: Actions: Jurisdiction of state courts: Indian reservation reg-*
*ulations: Duty of Indian policeman: Assault and battery: De-*
*fenses: Justification: Trial: Instructions to jury: Appeal and*
*error: Review: Prejudicial error.*

1. A state court has jurisdiction of the subject matter of an action for assault and battery notwithstanding the fact that the parties are Indians and the occurrence took place on an Indian reservation.

2. The laws of Wisconsin for the peace and good order of people within its boundaries extend to Indian reservations and apply to infractions of such laws whether by persons of Indian blood or others.

3. The reasonable limits of a direction to an Indian policeman by an Indian agent and Indian farmer, to keep people back from car entrances when persons are getting on and off cars, are that

mere curiosity seekers, loafers, and persons having no business
to go to a car entrance at a depot platform are to keep at a
reasonable distance therefrom, so as not to interfere with the
proper and safe transaction of business between the railroad
company and its patrons in respect to railway travel; and it
does not, reasonably, contemplate interference with a person
going, in an orderly way, to a car entrance to meet and assist
his wife and family in alighting from the car and taking care
of them and their belongings.

4. Such direction of the Indian agent and Indian farmer is no jus-
tification for an assault and battery by the policeman upon an
Indian residing on a reservation, who, after having been or-
dered back from the front of a depot platform, persisted in his
attempt to meet his wife and child then arriving upon a rail-
way train.

5. In an action by an Indian against an Indian policeman for an
assault and battery committed while plaintiff was assisting his
wife and child to alight from a train, in the pretended execu-
tion of a direction of an Indian agent and Indian farmer to
keep people away from car entrances while passengers were
getting on and off of trains at a depot platform, the evidence,
stated in the opinion, is *held* to require the submission to the
jury of the question of punitory as well as actual damages.

6. An assault and battery by an Indian policeman was attempted to
be justified on the ground that plaintiff was violating a direc-
tion given by an Indian agent and Indian farmer. That direc-
tion, if so drastic as to justify the acts of the policeman, was
unreasonable as matter of law. *Held*, that defendant was not
prejudiced by submitting to the jury the question of the rea-
sonableness of the direction.

APPEAL from a judgment of the circuit court for Ashland
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Civil action for assault and battery.

Both plaintiff and defendant were partly of Indian blood.
The occurrence was at Odanah railway station on the Indian
reservation in Northern Wisconsin. The defendant justi-
fied upon the ground that he was an Indian policeman law-
fully acting in the performance of his duties.

There was evidence showing, or tending to show, the fol-
lowing situation: Defendant was a subordinate United States
officer on the Indian reservation having authority to enforce
observance of the regulations of the Interior Department for

the preservation of peace and good order and the observance of law thereon. Plaintiff knew, or ought to have known, of that fact. The latter went upon the depot platform to meet his wife and child, whom he expected, presently, to arrive by train. Defendant ordered him back from the front of the platform and persisted in enforcing his command in that regard after being informed of plaintiff's purpose. The latter persisted in carrying out such purpose after the train arrived and his wife was about to alight therefrom notwithstanding defendant indicated a determination to prevent it by force. The result was that defendant pushed plaintiff back, roughly, and knocked him down with a policeman's club and then incarcerated him in a badly kept jail for two nights and a day and then set him at liberty.

There was evidence on defendant's side tending to show he acted in good faith to enforce, as he supposed, lawful rules made by the Indian agent, his superior officer; that he assaulted plaintiff to prevent being assaulted by him; that he took him into custody because he was, and persisted in being, disorderly; that he kept him the two nights and one day because of the time, the intervening day being Sunday, and that he set him at liberty, without further pursuing the matter, as a favor. There was evidence on the other side tending to show the assault was needless and perpetrated, revengefully, to prevent plaintiff from going to meet his wife and child. There was evidence that the Indian agent had given orders to keep persons away from trains on their arrival who were not desirous of boarding the cars, but there was no rule of the Interior Department on the question, nor any rule of such department which plaintiff violated up to the time the assault occurred. The jury rendered a verdict in plaintiff's favor. The amount allowed thereby was reduced to comply with terms of denying a motion for a new trial, and judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of

*William G. Wheeler* and *Henry H. Morgan,* and for the respondent on that of *V. T. Pierrelee.*

MARSHALL, J. Counsel for appellant cover a broad range in their printed argument, bringing to our attention many federal statutes and decisions and some authorized rules promulgated by the Interior Department. Such brief recognition of counsel's industry in that regard will, in the main, suffice, since it is conceded, and properly too, that, notwithstanding the occurrence took place on the Indian reservation, the trial court had jurisdiction of the subject matter of the action and the parties, if appellant's act was not performed in the proper execution of a federal statute or rule authorized by law.

The laws of this state for the peace and good order of people within its boundaries extend over Indian reservations and apply to infractions of such laws whether by persons of Indian blood or others. *State v. Doxtater,* 47 Wis. 278, 2 N. W. 439; *State v. Harris,* 47 Wis. 298, 2 N. W. 543. That does not conflict with the police duties of federal officers on reservations, rendering them liable to be prosecuted in state courts for acts lawfully done in the discharge of their duties.

There was an attempt to justify appellant's conduct on the theory that it occurred in the lawful execution of a rule of the federal government promulgated by the Interior Department, but no such rule, touching the case in hand, was produced, or is referred to in counsel's brief. Moreover, there was evidence that no such rule existed for keeping persons of Indian blood, or others, off from depot platforms on the reservations and depriving them of the ordinary privilege of going to and from car entrances on business, and that appellant did not pretend to act in execution of any such rule but of a mere verbal direction of the Indian agent and Indian farmer to keep people back from car entrances when persons were getting on and off cars. The reasonable limits of

that direction, we apprehend, are that mere curiosity seekers, loafers, and persons having no business to go to a car entrance at a depot platform are to be kept at a reasonable distance therefrom, so as not to interfere with the proper and safe transaction of business between railroad companies and their patrons in respect to railway travel. Manifestly, it could not, reasonably, have anything to do with interference with a person going, in an orderly way, to a car entrance to meet and assist his wife and family in alighting from the car and taking care of them and their belongings. Such a person has business of a perfectly legitimate character in respect to railway travel, and any official direction prohibiting reasonable enjoyment of the privilege would need to be in language unmistakable in that regard before it could be held to go that far, and then its validity might well be challenged, since the right to enjoy such privilege is well established by law. 2 Rorer, Railroads, 1130; Thompson, Carr. of Pass. 49; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 114, 54 N. W. 24; *Banderob v. Wis. Cent. R. Co.* 133 Wis. 249, 113 N. W. 738; *Doss v. Mo., K. & T. R. Co.* 59 Mo. 27; *Gillis v. Pa. R. Co.* 59 Pa. St. 129.

There was evidence, as indicated in the statement, tending to show that appellant assaulted respondent to prevent him from enjoying his foregoing stated lawful privilege. There was no justification, as the jury were warranted in finding, for violating respondent's person after notification of the perfectly legitimate purpose in mind. The act of pushing him back after being so notified and following it up with harsh treatment upon being defied for the unlawful interference, culminating in knocking him down with a club and incarcerating him in the jail, seems to have been without the slightest legal warrant, as the jury may well have found.

The foregoing amply shows that the case was rightfully submitted to the jury and upon the question of punitory as well as actual damages.

A suggestion is made that the court erred in submitting to the jury the question of whether rules promulgated by the Interior Department of the federal government were reasonable. There was no such submission. Counsel's argument in that field seems to be purely academic. The language of the court's instruction, to which we are referred, must be read in connection with the evidence to which it applies. The only evidence there was of any regulation testified to have been violated was the direction by the Indian agent and Indian farmer to which we have referred. Were that as drastic as to justify the interference the jury found, and were warranted in finding, occurred, then appellant was not prejudiced by the reasonableness thereof being submitted to the jury, for it was unreasonable as a matter of law.

*By the Court.*—The judgment is affirmed.